NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSSELYN YARELI MADEROS-PINTO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 17-72060 Agency No. A206-631-203 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Josselyn Yareli Maderos-Pinto, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's decision denying her applications for

asylum, withholding of removal, and protection under the Convention Against

_____

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

Because Maderos-Pinto does not challenge the agency's adverse credibility determination, this issue is waived.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, in the absence of credible testimony, in this case, Maderos-Pinto's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT protection because Maderos-Pinto's claim was based on the same testimony the agency found not credible, and Maderos-Pinto does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured in Guatemala.  *See id.* at 1157.

In light of this disposition, we do not reach Maderos-Pinto's remaining contentions regarding her eligibility for relief.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they

reach).

We do not consider the materials Maderos-Pinto references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**